## GUTSCHNEIDER v. PIROSNICK.

(Supreme Court, Appellate Term.   May 24, 1910.)

BAILMENT (§ 32*)—MEASURE OF DAMAGES—INJURY TO PROPERTY.

In an action to recover for dyeing certain skins, defendant's measure of damages because some of the skins were returned in an injured state is the difference between the value of the skins uninjured and their value in their condition when returned.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 133; Dec. Dig. § 32.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Max Gutschneider, as surviving partner, etc., against Abraham J. Pirosnick.   From a Municipal Court judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals.   Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Louis J. Frey, for appellant.

Rogers & Rogers (Gustavus A. Rogers and Saul E. Rogers, of counsel), for respondent.

LEHMAN, J.   The plaintiff sued for services in dyeing skins for the defendant at the agreed price and reasonable value of $251.55. The defendant admitted the allegations of the complaint, except as to the services in dyeing 41 fox skins at the agreed price and reasonable value of $14.35.   The plaintiff is therefore concededly entitled to a judgment for $237.20.   The defendant, in addition to the denial as to plaintiff's services in dyeing 41 fox skins, set up as a counterclaim damages sustained by reason of plaintiff's carelessness and improper workmanship in dyeing the 41 skins.   He alleged that thereby the skins were rendered worthless and unmarketable, and that their reasonable value at the time was $269.58.

It appeared at the trial that the 41 skins were received under an agreement that they were to be dyed "Isabella light, 12 foxes of above lot to be dyed at owner's risk."   It appeared that they were injured by the dyeing, but they were certainly not rendered worthless.   Even the defendant conceded that they were worth $1.50 to $2 apiece, and other witnesses produced by him testified to higher values in their injured state.   The trial justice thereupon gave judgment for the defendant for $269.58; but when, upon a motion for a new trial, the plaintiff pointed out that the plaintiff was certainly entitled on the pleadings to a judgment on his complaint, the trial justice deducted the conceded amount due to plaintiff, and modified the judgment to read:

"Judgment for defendant on his counterclaim for $32.38.   Property in evidence to go to the defendant."

The question now arises whether or not the justice was justified in allowing the defendant the full amount of his counterclaim, in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

spite of the fact that it is undisputed that the goods were not rendered entirely worthless by the plaintiff's negligence. The counterclaim does not allege a conversion, the action was not tried upon the theory of conversion, and the judgment expressly provides that the property still belongs to the defendant. The measure of damages, therefore, is the difference between the value of the skins, if uninjured, and their value in their present condition. At the trial testimony was presented that the difference was greater than the amount allowed on the counterclaim. It appears that the value fixed by the defendant in his counterclaim was the cost price when he bought the skins "last year," and their value had increased considerably after that time. Nevertheless he not only claimed in his counterclaim that they were worth only the price at the time they were delivered for dyeing, but he expressly stated at the trial: "I simply make a claim for what I paid last year." It also appeared that the defendant returned the skins to the plaintiff with a bill for this cost price only. At the close of the testimony it is true that his attorney made his pleadings conform to the proof; but he pointed out no specific amendment which he desired.

It seems to me that under these circumstances judgment for the full value of the skins as claimed by the defendant, without any deduction for their value in the damaged condition, is not in accordance with the pleadings, proof, or conduct of the parties at the trial, and that a new trial should be ordered. Since I believe that there should be a new trial, I have not considered it necessary to determine the question whether, under the vague testimony as to the nature of the damage, the plaintiff can hold the defendant for any loss sustained on the 12 skins to be dyed at owner's risk. Doubtless upon a new trial the parties will show with more definiteness both the technical meaning of this term in the trade and the nature of the damages to these specific skins.

Since a new trial is ordered, we need also not consider the appeal from the order denying the motion for a new trial on newly discovered evidence, but should dismiss the appeal, without costs to either party.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.